Erin Alina Williams
erinnalinaa@gmail.com
37506 Penara Street
Palmdale, CA 93552
(661)753-6428
Plaintiff in Pro Per

FILED
CLERK, U.S. DISTRICT COURT
08/22/2025
CENTRAL DISTRICT OF CALIFORNIA
BY        GSA        DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

## United States District Court
## Central District of California

| | |
|---|---|
| Erin Alina Williams<br>　　　　Plaintiff,<br><br>　　vs.<br>Triad Financial Services Inc. and<br><br>Global Credit Union<br>　　　　Defendant.<br>_____ | ) Case No: 2:25-cv-08020-SRM-(PVCx)<br>)<br>) **COMPLAINT FOR DAMAGES,**<br>) **DECLARATORY RELIEF, AND**<br>) **INJUNCTION RELIEF ARISING FROM**<br>) **WRONGFUL FORECLOSURE AND**<br>) **FEDERAL STATUTORY VIOLATIONS**<br>)<br>) **DEMAND FOR TRIAL BY JURY** |

### Jurisdiction

1. Federal question jurisdiction arises pursuant to 28 U.S.C. § 1331. This court has jurisdiction under 28 U.S.C. § 1332.

2. This court has supplemental jurisdiction under 28 U.S.C. §1367.

### Venue

3. This venue is proper pursuant to 28 U.S.C. § 1391 because the property at issue in this complaint is located in this district and events giving rise to this complaint happed in this district.

## Parties

4. The Plaintiff in this lawsuit is Erin Alina Williams, (Williams), an adult natural person, who resides in Los Angeles County, California and is a consumer as defined by 15 U.S.C. § 1681a(c), and 15 U.S.C. 1692a(3).

5. Defendant, Triad Financial Services, inc. is a loan servicing corporation headquartered in Florida and doing business in California.

6. Defendant, Global Credit Union is a federally chartered corporation doing business in California.

## Statement of Facts

8. On or about 27 June 2018, Plaintiff, Erin Alina Williams (hereinafter referred to as "Plaintiff' or "Williams"), entered into a consumer credit transaction with Defendant for the purchase of 29021 Bouquet Canyon Road, SPC 248,  Saugus, CA 91390 [Decal No: LAN5000; Make/Model: Fuqua Odyssey 2010; Serial No:16750A 16750B; HUB label/insignia: HWC172348 HWC172349].

9. On or about July 2022, Plaintiff began disputing Defendant's claim that she was delinquent on her loan as of June 2022. Plaintiff informed Defendant that she had made every monthly payment that year and provided proof of payment through bank statements. Defendant, however, refused to acknowledge this proof or identify with specificity which month in 2022 it alleged was delinquent. When it became clear that Defendant could not or would not substantiate its claim of default, Plaintiff reviewed the original Promissory Note and Security Agreement

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

and discovered material discrepancies in the loan documents.

10. Defendants made material misrepresentations and omissions about the original wet-ink *Promissory Note and Security Agreement* that Williams signed which created the alleged debt.

11. Williams was never given the opportunity to examine the original wet-ink note or, at minimum, a verified certified true copy.

12. Additionally, Defendants failed to disclose in The *Security Agreement* and retained fees imposed by the third-party closing agent, Newhall Escrow Co., failed to include the credit report fee and insurance premium in the finance charge, failed to properly compute and disclose the "amount financed" and it's itemization [See Exhibit A], and unlawfully advertised a required down payment, where Defendants' Credit Approval letter advertised and collected a $3,300 down payment. [See Exhibit B]

14. Further, Defendants misrepresented how the prepaid finance charge was calculated and misrepresented the principle balance loan amount. The prepaid finance charge of $4,257.73 should have been deducted from the principal, as Williams prepaid $10,995.00 for downpayment, escrow charges, lender fees, taxes, and disbursements. This error indicates that the alleged principal balance should be approximately $58,442.27. [See Exhibit C]

15. Defendant also made inconsistent and misleading statements about the amount allegedly in default. Defendant calculates monthly late charges at $24.78, but demanded $84.34 for three months, which does not add up. In the

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

notice of Default dated 3 November 2022, Defendants claimed a past due balance of $2,876.69 (including $250.00 in collection costs), yet stated I must pay $3,766.51 to cure default. [See Exhibit D]. Plaintiff questioned this and Defendants yet again never gave answers or clarification.

16. In late August 2022, Plaintiff submitted a written dispute to Defendant and further advised that Plaintiff, in good faith, would attempt to resolve the matter through Accord and Satisfaction. [See Exhibit E]  On September 14, 2022, Plaintiff mailed two United States Postal Service money orders to Defendant, one in the amount of  $1,000.00 and another in the amount of $690.38. On September 22, 2022, Plaintiff mailed an additional postal money order in the amount of $200.00. Each money order contained a clear and conspicuous restrictive endorsement. The front of each stated:

> *"Payment in full satisfaction, made on the condition that the obligation be canceled under loan #0000270605. Redeemed in lawful money on demand of the Treasury Department of the U.S., the City of Washington, D.C., or any Federal Reserve Bank."*

The reverse of each money order stated:

> *"By acknowledgment and endorsement of this draft, the payee acknowledges full and final settlement of all sums owed to the payee by the payor on account #0000270605."*

Defendant accepted and cashed all three money orders. [See Exhibit F].

17. On November 3, 2022, Defendant nevertheless mailed Plaintiff a Notice of Default, continuing to demand payment despite having previously accepted and cashed the settlement payments. Acting under duress, Plaintiff mailed four additional postal money orders dated December 16, 2022, bearing the same

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

restrictive endorsements, in the amounts demanded in the Notice of Default. Before sending these December money orders, Plaintiff expressly demanded that Defendant return the three prior money orders if Defendant did not consider those payments to constitute an Accord and Satisfaction, Defendant refused [See Exhibit G]. Plaintiff  reasonably relied on Defendant's conduct and assumed Defendant would again cash the December money orders as it had previously. However, Defendant retained the first three money orders, rejected subsequent tendered payments, and nevertheless proceeded with foreclosure and the ultimate sale of Plaintiff's property.[See Exhibit H]

18. Defendants misrepresented the settlement of this matter by denying an *Accord and Satisfaction,* as well accepting tendered payment and refusing to send it back then later, not accepting the same type of restrictive tendered payment, the proceeding to foreclose the property.

19. On or about February 8, 2023, Plaintiff submitted a Statement of Account pursuant to UCC § 9-210, requesting that Defendant authenticate, approve, or correct a statement prepared by Plaintiff reflecting what she believed to be the aggregate amount of unpaid obligations. [See Exhibit I]. Defendant did not respond until March 6, 2023. [See Exhibit J]. The response was not authenticated, nor did Defendant approve or correct the statement as required; instead, Defendant referred Plaintiff to a title company for accounting. On March 26, 2023, Defendant responded again, this time asserting that Plaintiff owed a deficiency balance, once again misrepresenting the amounts owed. [See Exhibit K]

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

20. In June 2025, Plaintiff discovered that Defendant violated the FTC Holder Rule, 16 C.F.R. § 433. Plaintiff recently realized that the loan documents failed to include the mandatory Holder Rule notice. Instead of the required long-form notice prescribed by 16 C.F.R. § 433.2, Defendant provided only a shortened version [See Exhibit I]. The FTC has made clear that use of an incorrect or abbreviated notice is invalid and does not satisfy the Holder Rule. By failing to include the required Holder Rule language, Defendant attempted to unlawfully restrict Plaintiff's rights to assert claims and defenses against the seller, creditor, and any subsequent holders of the contract.

## Claim I

**Fraudulent Inducement and Concealment (Cal. Civ. Code §1709)**

21. Plaintiff realleges paragraphs 1 through 20.

22. By doing the acts described above, Defendants knowingly misrepresented and concealed material facts in connection with the *Promissory Note and Security Agreement*, including but not limited to: Misrepresenting the existence and availability of the original wet-ink Promissory Note and Security Agreement that created the alleged debt; Denying and misrepresenting the settlement of the debt through Accord and Satisfaction while retaining money orders tendered with restrictive endorsements and failing to return said funds; Concealing the retention of fees and amounts imposed by third-party closing agent Newhall Escrow Co., in violation of 15 U.S.C. § 1605(a); and Misrepresenting and concealing the proper

6

computation of the "amount financed," prepaid finance charges, and down

payment requirements in violation of 15 U.S.C. §§ 1605(a)(4)-(5), 1638(a)(2)(A)-

(B), and 1662(2).

23. Defendants further provided contradictory and misleading statements

regarding the alleged amount in default, knowing such statements to be false or

made recklessly, with the intent to induce Plaintiff to enter, maintain, and perform

under the loan contract.

24. Plaintiff justifiably relied on Defendants' misrepresentations and omissions,

as Defendants were in a superior position of knowledge and control regarding the

loan documents, accounting, and foreclosure proceedings.

27. As a direct and proximate result of Defendants' fraudulent inducement and

concealment, Plaintiff suffered damages including wrongful foreclosure of her

home, loss of equity, damage to credit, emotional distress, and other consequential

and incidental damages.

28. Defendants are liable for compensatory damages, pain and suffering, credit

damage, and punitive damages to punish and deter such fraudulent conduct,

recoverable pursuant to Cal. Civ. Code § 1709.

## **Claim II**

### **Breach of Accord & Satisfaction (U.C.C. § 3-311) (Cal. Civ. Code §1526)**

29. Plaintiff realleges paragraphs 1 through 28.

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

30. By doing the acts described above, Defendant breached an accord and satisfaction agreement when Plaintiff tendered payments with clear and conspicuous restrictive endorsements, which Defendant accepted and failed to return.

31. Defendant's acceptance constituted an agreement to settle all disputes. Plaintiff continued to tender payments with the same restrictive endorsements, which Defendant later refused, while retaining earlier payments and nevertheless proceeding to foreclose.

32. Defendant materially breached the accord and satisfaction by retaining funds while rejecting the settlement, causing Plaintiff damages. Defendant's conduct further violated federal law, including but not limited to: 15 U.S.C. § 1638, for failure to disclose and adjust the amount financed consistent with payments tendered in full satisfaction; 15 U.S.C. § 1692e(2)(A), for falsely representing the character and amount of the debt despite having accepted Plaintiff's settlement payments; and15 U.S.C. § 1681s-2, for continuing to report inaccurate account i information to consumer reporting agencies.

33. As a direct and proximate result of this breach, Plaintiff suffered wrongful foreclosure, financial loss, credit damage, and emotional distress.

34. Plaintiff is entitled to compensatory damages, statutory damages, and punitive damages to punish and deter such conduct, recoverable pursuant to U.C.C.

§ 3-311, Cal. Civ. Code § 1526, and the federal statutes cited herein.

## Claim III

### Violation of UCC § 9-210 / Cal. Com. Code § 9210

35. Plaintiff realleges paragraphs 1 through 34

36. Under UCC § 9-210(a) and Cal. Com. Code § 9210(a), a debtor has the right to send an authenticated request to the secured party for an accounting of the unpaid obligations secured by collateral, approval or correction of a list of collateral, or a statement of account.

37. Plaintiff, as a debtor under the agreement with Defendants', properly submitted such a request by written authenticated record, identifying the loan at issue.

38. By doing the acts described above, Defendants, as secured parties under the loan and security agreement, failed to comply with statutory duties under UCC § 9-210 and Cal. Com. Code § 9210 by refusing to provide a proper accounting, statement of account, or list of collateral after Plaintiff's authenticated written request.

39. Defendants' failure deprived Plaintiff of accurate and timely information necessary to verify or cure the alleged default.

40. As a direct and proximate result, Plaintiff suffered damages including loss of the secured manufactured home, financial losses, negative credit reporting, and emotional distress.

9

41. Plaintiff is entitled to statutory remedies under UCC § 9-625, actual damages, costs of suit, and other relief deemed proper by the Court, recoverable pursuant to UCC § 9-210 and Cal. Com. Code § 9210.

## Claim IV

**Violation of FTC Holder Rule & Unfair Business Practices (Cal. Bus. & Prof. Code §17200)**

42 . Plaintiff realleges paragraphs 1 through 41.

43. By doing the acts described above, Defendant violated the FTC Holder Rule, 16 C.F.R. § 433, by failing to include the mandatory notice and by attempting to disclaim liability for seller misconduct and defenses available to Plaintiff.

44. Defendant further engaged in unlawful, unfair, and deceptive business practices in violation of Cal. Bus. & Prof. Code § 17200, including misrepresentations in loan disclosures, foreclosure procedures, and debt collection conduct.

45. As a direct and proximate result, Plaintiff suffered wrongful foreclosure, financial loss, credit damage, and emotional distress.

Plaintiff is entitled to restitution, actual damages, statutory damages, punitive damages, and injunctive relief to prevent further unfair and deceptive practices, recoverable pursuant to 16 C.F.R. § 433 and Cal. Bus. & Prof. Code § 17200.

## Request for Relief

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

46. Rescission of the contract and the foreclosure and restoration of Plaintiff's property rights, or, in the alternative, the fair market value of the foreclosed property.

47. Restitution of all amounts paid under the contract;

48. Consequential and Compensatory damages for financial losses, credit damage, and emotional distress caused by the wrongful foreclosure.

49. Punitive damages pursuant to Cal. Civ. Code § 3294, for Defendant's intentional, willful and malicious conduct in retaining payments and foreclosing despite accord and satisfaction. damages resulting from wrongful foreclosure and credit harm;

50. Statutory damages under California law;

51. Costs of suit and any reasonable fees as allowed by law.

52. Any further relief  which the court deem appropriate.

## Demand for Trial by Jury

53. Plaintiff hereby request a trial by jury on all issues raised in this complaint.


Dated: 22 August 2025

By: Erin Aina Williams

Plaintiff in Pro Per

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**"EXHIBIT A"**

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

## ITEMIZATION OF AMOUNT FINANCED

| Loan Number: 270605 | Date: June 26, 2018 |
|---|---|
| Borrower(s): Erin Alina Williams<br>Anna Marie Woodmansee | Lender/Broker: Triad Financial Services, Inc. |

Property Address: 29021 Bouquet Canyon Rd Spc 248
Saugus, CA 91390

| P&I Payment:<br>$495.57 | Interest Rate:<br>7.250 % | APR:<br>8.184 % | First Payment Date:<br>07/31/2018 |
|---|---|---|---|

| Loan Amount | Prepaid Finance Charges | Amount Financed |
|---|---|---|
| $62,700.00 | - $4,257.73 | = $58,442.27 |

|  | POC |  |
|---|---|---|
| **AMT PAID TO OTHERS ON YOUR ACCT/PAID TO OTHERS ON YOUR BEHALF** |  |  |
| Credit Report to CBC/Innovis |  | $14.85 |
| Hazard Insurance Premium to American Modern (0 months @ $77.00) |  | $924.00 |
| HOMEOWNER'S INSURANCE RESERVES (2 months @ $77.00) |  | $154.00 |
| TOTAL RECORDING CHARGES INCLUDES |  |  |
| MH Title |  | $250.00 |
| **TOTAL AMT PAID TO OTHERS ON YOUR ACCT/PAID TO OTHERS ON YOUR BEHALF** |  | $1,342.85 |
| **ITEMIZATION OF THE PREPAID FINANCE CHARGE** |  |  |
| OUR ORIGINATION CHARGE INCLUDES |  |  |
| Broker Fee @ 0.000 % + $2,920.00 to Manufactured Home Mortgage |  | $2,920.00 |
| Tax Servicing Fee to Triad fbo Chronos Mortgage Solutions, LLC |  |  |
| Flood Certification to CBC |  | $98.73 |
| Donation to Friends of the Spokane Library |  | $12.00 |
| Membership fee to Global Credit Union |  | $10.00 |
| SETTLEMENT OR CLOSING FEES |  | $20.00 |
| Closing Fee to Newhall Escrow |  |  |
| **TOTAL PREPAID FINANCE CHARGE** |  | $1,200.00 |
| *F: Financed Fees |  | $4,257.73 |

Ellie Mae, Inc.

G3IOAFJ_S  1015
G3IOAFS (POD)
06/26/2018 03:47 PM PST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**"EXHIBIT B"**

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY



**▲TRIAD** FINANCIAL SERVICES *since 1959*

Credit Approval

| | | | |
|---|---|---|---|
| Loan Number: | 270605 | Loan Program: | **Chattel** | Loan Purpose: | **Purchase** |

| | | | |
|---|---|---|---|
| Approval Date: | 05/17/2018 | Regional Manager: | **Shela Holley** |
| Rate Expiration Date: | 07/16/2018 | Retailer: | **Manufactured Home Mortgage** |
| | | DBA: | |
| | | Phone Number: | **661-250-9060** |
| | | Fax Number: | **650-475-7088** |
| Applicant(s): | **Erin Alina Williams** | Email: | **juliemecure@exechomes.net** |
| | **Anna Marie Woodmansee** | Attn. Salesperson: | **Julie Mecure** |
| | **3142 Tourmaline Ln** | Investor Name: | **Global Credit Union** |
| | **Palmdale CA 93550** | | |

We are pleased to inform you that your application has been approved for the purchase of the manufactured home described above. Funding is subject to meeting the program guidelines, proof of one year paid insurance binder (with a maximum $1,000 deductible), and the conditions of approval outlined below.

Please contact the sales person above to schedule your loan closing date. If you have questions regarding the terms of the credit approval (rate, term, conditions, etc.) please contact the underwriter or loan originator listed below.

| | | |
|---|---|---|
| Make/Model: | **Fuqua /** | |
| Year: | **1989** | Width X Length: | **24 X 56** |
| Sales Price: | **$66,000.00** | |
| Sales Tax: | **$** | |
| Cash Down/Trade Eq: | **$3,300.00 / $0.00** | |
| Insurance: | **$0.00** | |
| Broker Fee (Borrower paid): % / Amt. | **4.705%** / **$2,950.00** | |
| Broker Fee (Lender paid): % / Amt: | **%** / **$** | |
| Title Fee: | **$0.00** | |
| Flood Fee: | **$12.00** | |
| Credit Report Fee: | **$14.85** | |
| Doc Stamp: | **$** | |
| Processing/Orig Fee: | **$0.00** | |
| Donation/Memb Fee/Dep: | **$30.00** | |
| Tax Service Fee: | **$93.85** | |
| Closing Fee: | **$600.00** | |
| Initial Escrow Deposit: | **$664.50** | |
| Land Equity: | **$0.00** | |
| L/H Construction Interest: | **Months** / **$** | |
| Amount Financed: | **$62,700.00** | |
| Monthly P & I Payments: | **$ 495.57** | |
| Term (In Months): | **240** | |
| Fixed Interest Rate: | **7.250%** | |
| Insurance (Estimate): | **$42.00** | |
| Taxes (Estimate): | **$68.75** | |
| Payment with Taxes & Insurance (Estimate): | **$606.32** | |
| Buy Down % / Amount (Financed): | **%** / **$** | |
| Buy Down Amount (POC): | | **$** | |
| Buy Down % / Amount (Seller Paid): | **%** / **$** | |

This credit approval is subject to standard underwriting requirements.
Thank you for your business!

| | |
|---|---|
| Underwriter: | Loan Originator: |
| Lloyd McFarland | Mary Elizabeth Bizzy |
| 866-321-3153 Ext. 1805 | NMLS# 409495 |
| | 661-259-9060 |

The Triad Underwriter will clear conditions when they have been met and subsequently re-fax this approval back to you or publish the update to the loan center.

**Pending Conditions**

- Clear copy of Drivers License & SS Card-Prior to Docs - Copies of Front and Back
- Escrow Requirements - Settlement statement and HOI binder required at Docs - Escrow deposit required at close (Amount TBD)
- Full Appraisal: 95% LTV-Prior to Docs - Loan not exceed the lessor of 95% LTV of URAR Appraisal or 95% of the sales price. Triad Approved Appraiser:Subject to lender review and appraisal guidelines
- Last 2 years W2s-Prior to Docs -
- Last 30 day worth of paystubs-Prior to Docs -
- Park Approval/Lease Agreement - at Funding.
- VOD - 60 day seasoning - Explanation of down payment source and two months of bank statements that include the funds and shows the withdrawal of the funds. Any large deposits will need to be verified where the deposits came from
- VOD - Copy of Check - Funds to have been withdrawn from the same account that was used for verification of down payment. Most recent bank statement showing funds still avaiable prior to funding
- VOE- - 2 Years Minimum - on employer letterhead - Letter of explanation for any gaps in employment of 30 days or more
- VOI -Most recent paystub at close -

**Cleared Conditions**

Anna 2016 W-2
Erin 2016 + 2017 W-2's
ID + SS for both girls
updated paystubs   Anna - last one
                   Erin - last month
Anna VOE
down payment/gift letter
insurance binder

Rev. 2/1/2017

2855 Michelle Drive, Suite 230, Irvine, CA  92606 • 866-321-3153 • 866-321-3154 (fax)

1

**"EXHIBIT C"**

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

## ITEMIZATION OF AMOUNT FINANCED

| 1. AMOUNTS PAID TO YOU OR TO SELLER | | |
|---|---|---|
| a. Amount of Credit Provided to You | $ | N/A |
| b. Amount Credited to Your Account | $ | N/A |
| c. Amount Paid to   Patricia Veronica Sullivan | | |
| for manufactured home (including sales | | |
| tax of $  0.00          ) | $ | 62,700.00 |
| d. Total Amount Paid to You or Seller | $ | 62,700.00 |

| 2. FEES PAID TO US | | |
|---|---|---|
| a. Buydown Points | $ | 0.00 |
| b. Origination Fee | $ | 0.00 |
| c. Processing Fee | $ | 0.00 |
| d. Total Amount of Fees Paid to Us | $ | 0.00 |

| 3. AMOUNTS PAID TO PUBLIC OFFICIALS | | |
|---|---|---|
| a. Filing Fees Only | $ | 0.00 |
| b. Other Amounts Paid to Public Officials | $ | 0.00 |
| c. | $ | 0.00 |
| d. Total Amount Paid to Public Officials | $ | 0.00 |

| 4. AMOUNTS PAID TO OTHERS* | | |
|---|---|---|
| a. To: Manufactured Home Mortgage | | |
| For: Broker Fee | $ | 0.00 * |
| b. To: American Modern | | |
| For: Property Insurance Premium | $ | 0.00 * |
| c. To: CBC | | |
| For: Flood Fee | $ | 0.00 * |
| d. To: Triad fbo Chronos Mortgage Solutions, LLC | | |
| For: Tax Service Fee | $ | 0.00 * |
| e. To: CBCInnovis | | |
| For: Credit Report | $ | 0.00 * |
| f. To: Triad Financial Services, Inc | | |
| For: Initial Deposit to Escrow | $ | 0.00 * |
| g. To: | | |
| For: Homeowner's Warranty | $ | 0.00 * |
| h. To: Newhall Escrow | | |
| For: Closing Fee | $ | 0.00 * |
| i. To: | | |
| For: Appraisal | $ | 0.00 * |
| j. To: Triad fbo The Work Number | | |
| For: Verification of Employment | $ | 0.00 * |
| k. To: Friends of the Spokane Library | | |
| For: Donation | $ | 0.00 * |
| l. To: Global Credit Union | | |
| For: Membership fee | $ | 0.00 * |
| m. Total Amounts Paid to Others | $ | 0.00 |

| 5. PRINCIPAL BALANCE (1d + 2d + 3d + 4m) | $ | 62,700.00 |
|---|---|---|
| 6. LESS: PREPAID FINANCE CHARGES | $ | 4,257.73 |
| 7. AMOUNT FINANCED (line 5 minus line 6) | $ | 58,442.27 |

*A substantial portion of these amounts may be paid to or retained by us.

| Title & Filing Fees (if not financed) | $ | N/A |
|---|---|---|

2.  **LATE CHARGE; DISHONORED CHECK CHARGE.** Each time you fail to make a payment in full within fifteen days of the date it is due, you will pay a late charge of five percent (5%) of the unpaid amount of such payment. Only one late charge may be collected on any installment no matter how long it remains in default. If a check, draft or similar instrument you give us for payment on your account is not paid or is dishonored by your financial institution, you will pay a dishonored check charge of $15.00, or the maximum amount allowed by law, if less.

3.  **YOUR RIGHT TO PREPAY: YOU MAY PREPAY ANY AMOUNTS DUE UNDER THIS NOTE AT ANY TIME WITHOUT PENALTY.** You have the right to make payments at any time before they are due. Unless we agree otherwise in writing, we will apply your prepayments to reduce your Principal balance. If you (1) prepay this Note in full, or (2) default and fail to cure your default and we demand payment of the entire balance due on this Note, no portion of any Prepaid Finance Charge will be rebated unless required by law. We earn all Prepaid Finance Charges at the time the Note is made.

4.  **ASSUMPTION.** Someone buying your Manufactured Home may, subject to conditions, be allowed to assume the remainder of this Note on the original terms. These conditions include the creditworthiness of the person proposed to assume this Note and our interest rates at the time of the proposed assumption. Other conditions also may apply.

5.  **DESCRIPTION OF THE MANUFACTURED HOME**

| Used | 1989 | | Fuqua | |
|---|---|---|---|---|
| New/Used | Year | | Manufacturer's Name | |
| Odyssey 2010 | | 56 X 24 | 16750A/B | |
| Model Name or Model No. | | Length/Width | Manufacturer's Serial No. | |

The Manufactured Home includes the additional Appliances, Accessories and Furnishings:

| [   ] Microwave | [   ] A/C Units |
|---|---|
| [   ] Refrigerator | [   ] Steps |
| [   ] Oven/Range | [   ] Accessory Shed |
| [   ] Washer | [   ] Skirting |
| [   ] Dryer | [   ] Dishwasher |
| [   ] Other | [   ] Deck |

6.  **LOCATION OF THE MANUFACTURED HOME.** Until all amounts owed under this Note are paid in full, you promise that the Manufactured Home will be located at the following address ("Your Address"):

29021 Bouquet Canyon Rd Spc 248
Saugus, CA 91390

You promise not to remove your Home from Your Address unless you get our permission in writing first.

We will send all notices concerning your Home to Your Address unless you provide a different mailing address below.

| Street or Route | | City | |
|---|---|---|---|
| County | | State | Zip Code |

7.  **OUR SECURITY INTEREST.** To secure payment of all sums due or which become due under this Note, and your performance of all other terms of this Note, you grant us a first priority security interest in (1) the Manufactured Home, and all current and future accessions, attachments, accessories, and additions to the Home, (2) your rights to refunds of premiums for and payments under, and proceeds of any insurance purchased using proceeds of this Note, (3) any substitutions or replacements of the foregoing, and (4) proceeds and products of all of the foregoing (collectively, the "Collateral"). Our security interest shall remain in effect until you have paid in full all amounts due under this Note. Despite any other provision of this Note, however, we are not granted, and will not have, a non-purchase money security interest in household goods, to the extent such a security interest would be prohibited by applicable law. You will pay any filing or recording fees necessary for us to get and keep in force our security interest, and any release, discharge or termination fees, after the Note is paid in full. You authorize us to sign and file financing statements covering the Collateral without your signature. You authorize us to sign and file a copy of this Note as a financing statement.

CALIFORNIA LOANS > $10,000
California  Direct Purchase Contract 3-17-08
Bennet S Koren & Marc J. Lifset

X _____  X _____  X _____  X _____
          INITIAL        INITIAL        INITIAL        INITIAL

Rev 4/20/2018

Page 2 of 5

1

**"EXHIBIT D"**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY



**BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP**

A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS

ATTORNEYS AND COUNSELORS AT LAW

3990 E. CONCOURS STREET, SUITE 390
ONTARIO, CALIFORNIA 91764-7971
TELEPHONE: (626) 371-7000
TELECOPIER: (972) 661-7709

BDF File No. 9644816

November 3, 2022

### NOTICE OF DEFAULT

**VIA CERTIFIED AND REGULAR MAIL**

TO:   Erin Alina Williams
      Ann Marie Woodmansee
      29021 Bouquet Canyon Road
      Space 248
      Saugus, California 91390

RE:   Creditor:                    Global Credit Union
      Mobile Home Loan No.:        270605
      Mobile Home Address:         29021 Bouquet Canyon Road, Space 248
                                   Saugus, California 91390
      Make, Model and Size:        1989 Fuqua "Odyssey" (24' X 56')
      Serial and Decal No.:        16750A/B; LAN5000

You are in default under the terms of the Security Agreement dated June 27, 2018, in that you have failed to pay Creditor:

| | | |
|---|---|---|
| Three (3) monthly installment payment (August, 2022 - October, 2022) | $ | 2,542.35 |
| Late charges | $ | 84.34 |
| Collection Costs | $ | 250.00 |
| TOTAL | $ | 2,876.69 |

These defaults give the Creditor the right to sell your manufactured home or mobile home, which is registered with the Department of Housing and Community Development under decal number listed above and located at the above-referenced address, unless the default is promptly cured.

You may cure the defaults by:

(a) by sending a cashier's check or money order for **$3,766.51**, which includes monthly installments, late charges and attorneys' fees through **December 19, 2022**, to the above-referenced address or by entirely repaying the outstanding secured indebtedness on or before **December 19,**

**"EXHIBIT E"**

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

To: Mike Tolbert: President, Triad Financial Services Inc.
    John Worthington: Chief Financial Officer, Triad Financial Services Inc.
    Whom it may concern:
      TRIAD FINANCIAL SERVICES
      13901 SUTTON PARK DRIVE SUITE 300
      JACKSONVILLE, FLORIDA 32224

From: Erin Alina Williams
      29021 Bouquet Canyon Road Spc 248
      Saugus, California 91390

Date: August 22ᵗʰ, 2022

## NOTICE OF DISPUTE
Affidavit of Erin Alina Williams – August 22ᵗʰ 2022

I, Erin Alina Williams, hereafter "I" or "my", one of the people on Los Angeles County, California soil, over the age of 21 years and having first-hand knowledge, swear under penalty of perjury pursuant to the law of California, and the United States of America, as the Most High is my witness, the following is true and correct:

I am hereby presenting this NOTICE OF DISPUTE, regarding the alleged Account #0000270605; hereafter "loan". Be advised this is not a refusal to pay, but a notice stating my dispute, a request of validity, and a proposal to settle this matter by payment of a tendered instrument with a restrictive endorsement; hereafter "instrument" as full satisfaction of the alleged loan.

1.  I believe the alleged contract regarding the alleged loan is unconscionable and therefore void ab initio. As of the date of this notice, TRIAD FINANCIAL SERVICES; hereafter "Principal" claims I owe a debt of fifty-six thousand three hundred seventy-five and 87/100 dollars ($56,375.87). I dispute the validity of this debt and request validation.
2.  I believe the Principal's 'Limited Power of Attorney' stated on the Promissory Note and Security Agreement, may be evidence of deceptive practices and fraud, per CA Fin Code § 22331 "No licensee shall take any confession of judgment or any power of attorney, except a power of attorney taken to effectuate the transfer of the ownership of any motor vehicle or mobile home at the time of making the loan".
3.  I require proof of claim for any debt I am liable for, evidenced by a sworn affidavit from a party from the Principal having direct first-hand knowledge and chain of custody of any debt owed to said Principal by Erin Alina Williams or ERIN ALINA WILLIAMS.
4.  I require proof of the alleged original contract duly signed by both parties and proof that the alleged original contract was not unconscionable for failure to fully disclose all aspects of agreement, failure to sign by the alleged Principal's agent, and failure to exchange valuable consideration.
5.  I require a sworn affidavit stipulating that the Principal is the creditor of the promissory note in accordance with Generally Accepted Accounting Principles (GAAP).
6.  I require proof of compliance with the truth in lending laws of the United States Code, Title 15§1601 et.seq., Regulation Z, and the Fair Debt Collection Procedures Act.
7.  I require the opportunity to witness the original wet-ink 'Promissory Note and Security Agreement' that I signed that created the alleged debt.
8.  I refer to the matter above, and in a good-faith attempt to resolve it. I propose to settle this matter with an instrument as full satisfaction of the alleged loan. An accord and satisfaction will be constituted upon acceptance and cashing of the instrument. The instrument will be mailed to: PO BOX 650008 Dallas, TX 75265-0008, fifteen (15) calendar days after receipt of this notice.

Failure to respond within thirty (30) calendar days after receipt of this notice and provide verified certified copies and or 'originals' of the requested documents by certified mail [for verification purposes] will be silent acquiescence and tacit agreement that ERIN ALINA WILLIAMS and Erin Alina Williams has no debt to the Principal and that the noted Principal is not the 'creditor', they did not 'loan' any 'money' and or they are not titled to any valuable consideration.

Without prejudice,

By: _____                        All Rights Reserved
    Authorized representative of ERIN ALINA WILLIAMS

NOTICE OF DISPUTE - ACCOUNT #0000270605

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**"EXHIBIT F"**

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

**UNITED STATES POSTAL SERVICE®**
Accounting Service Center

September 22, 2022

Subject:    Money Order Serial Number: 2826010166
           Inquiry ID: 15092636
           Inquiry Date:
           Inquiry Amount: $690.38

erin A williams
29021 BOUQUET CANYON RD
SPC 248
SANTA CLARITA CA 913903159

Dear erin A williams

This is an acknowledgement of the receipt of your inquiry and our records indicate that this money order was cashed on 09/16/2022.  You should receive a copy of your cashed money order from the Federal Reserve Bank.  No replacement check will be issued.

Sincerely,

Manager, General Accounting Branch

---

**UNITED STATES POSTAL SERVICE®**
Accounting Service Center

September 22, 2022

Subject:    Money Order Serial Number: 2826010488
           Inquiry ID: 15092637
           Inquiry Date:
           Inquiry Amount: $1,000.00

erin A williams
29021 BOUQUET CANYON RD
SPC 248
SANTA CLARITA CA 913903159

Dear erin A williams

This is an acknowledgement of the receipt of your inquiry and our records indicate that this money order was cashed on 09/19/2022.  You should receive a copy of your cashed money order from the Federal Reserve Bank.  No replacement check will be issued.

Sincerely,

Manager, General Accounting Branch





1

**"EXHIBIT G"**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY



December 20, 2022

Erin Alina Williams
29021 Bouquet Canyon
Saugus, CA 91390

RE:    Loan number 0000270605

Dear Erin Alina Williams

This is in response to your recent inquiry dated December 6, 2022 regarding your account.

Triad has previously provided you verification of the debt. We do not agree to settle this matter with an "Accord and Satisfaction" as stated in your letter. As you owe the debt, we will not return funds totaling $1,890.38.

Thank you for the opportunity to assist you with this matter. If you need additional assistance, please contact our office at (877) 426-8362, Monday through Friday 8:30am to 5:00pm, ET. You can also visit our website at www.triadfs.com.

Sincerely,

Correspondence Department
Triad Financial Services, Inc.
13901 Sutton Park Drive S. Suite 300
Jacksonville, FL 32224
P: 877-426-8362
F: 866-874-2334

**"EXHIBIT H"**

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

**BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP**
A PARTNERSHIP INCLUDING
PROFESSIONAL CORPORATIONS

3990 E. CONCOURS STREET
SUITE 350
ONTARIO, CALIFORNIA 91764
TELEPHONE: (626) 371-7000
TELECOPIER: (972) 661-7709

ATTORNEYS AND COUNSELORS AT LAW

BDF File No. 9644816

VIA UPS
<u>1ZF620V6A292131981</u>
MAILED FROM JACKSONVILLE, FLORIDA

January 6, 2023

Erin Alina Williams
Ann Marie Woodmansee
29021 Bouquet Canyon Road, Space 248
Saugus, California 91390

RE:    Creditor:                    Global Credit Union/ Triad Financial Services, Inc. ("Triad")
Mobile Home Loan No.:    270605
Mobile Home Address:    29021 Bouquet Canyon Road, Space 248, Saugus, California 91390
Make, Model and Size:    1989 Fuqua "Odyssey" (24' X 56')
Serial and Decal No.:    16750A/B; LAN5000 (the "Mobile Home")

Dear Ms. Williams:

Consistent with my e-mail sent to you on January 5, 2023, I am enclosing herewith four (4)
**UNCASHED** United States Postal Service (USPS) Money Orders as follows:

| 12-18.2022 | 28392328080 | $1,000.00 |
| 12-18-2022 | 28392328956 | $1,000.00 |
| 12-16-2022 | 28392328078 | $766.51 |
| 12-16-2022 | 28392328067 | $1,000.00 |
| Total | | $3,766.51 |

As stated in my email, the language you placed on the back of the USPS Money orders as
follows "By acknowledgement and endorsement of this draft, the payee acknowledges full and
final settlement of all sums owed to the payee by the payor on Account #0000270605."
constitutes a conditional payment. Triad hereby rejects your attempt to exonerate yourself from
a valid and enforceable debt and does not accept your conditions to accepting the funds..

The E-mail I sent you states that prior to the newly scheduled repossession sale set for February
16, 2023, you must pay Triad in valid and unconditional funds the sum of Eight Thousand Six
Hundred and Sixty Dollars and Thirty Cents ($8660.30).

If you fail to pay the sums set forth herein (and broken down in my e-mail on January 5, 2023)
by February 15, 2023, your Mobile Home will be sold at a public sale at the Courthouse in
Pomona.

I am attaching a copy of the January 5, 2023 email and the Notice of Public Sale for your
convenience.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**"EXHIBIT I"**

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

To: ATTN: John Worthington
  d/b/a Chief Executive Officer
TRIAD FINANCIAL SERVICES, INC.
13901 Sutton Park Drive South, Suite 300
Jacksonville, Florida 32224

From: Erin Alina Williams
   d/b/a ERIN ALINA WILLIAMS
   29021 Bouquet Cyn Rd. Spc 248
   Saugus, California 91390

Re: **REQUEST REGARDING A STATEMENT OF ACCOUNT for Account**
**No.0000270605**

## REQUEST REGARDING A STATEMENT OF ACCOUNT

Pursuant to the Uniform Commercial Code § 9-210 and the Cal. Com. Code § 9210, this is a record authenticated by the debtor requesting that the recipient approve or correct a statement indicating what the debtor believes to be the aggregate amount of unpaid obligation secured by collateral as of a specified date and reasonably identifying the transaction or relationship that is the subject of the request. Recipient has fourteen(14) days to comply with this request and provide an authenticated record.

### STATEMENT OF ACCOUNT

DATE: 08 January 2023

Creditor: TRIAD FINANCIAL SERVICES, INC.
Debtor: ERIN ALINA WILLIAMS
Account No.: 0000270605
Collateral: The Mobilehome/Manufactured Home commonly known as 29021 Bouquet Canyon Road SPACE 248, Saugus California 91390

| Decal Number: | Make/Model: | Serial Number: | HUB Label/Insignia: |
|---|---|---|---|
| LAN5000 | Fuqua Odyssey 2010 | 16750A  16750B | HWC172348  HWC172349 |

Beginning Balance: $66,000.00
Paid: $38,849.81
**Balance Due: $0.00**

I declare under penalty that to my best knowledge the information above is true and correct.

By: _____

Williams, Erin Alina
Agent/ Authorized Representative

**VIA CERTIFIED MAIL:** 7021 1970 0000 1478 3820

1

**"EXHIBIT J**

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY



March 6, 2024

ERIN ALINA WILLIAMS
ANNA MARIE WOODMANSEE
29021 BOUQUET CANYON RD
SAUGUS CA 91390

RE:     Loan number:          0000270605

Dear Erin Alina Williams,

This is in response to your recent inquiry regarding a request for accounting.

The loan was paid in full March 9, 2023. We never generated a payoff statement; therefore, we
can only provide a breakdown of how the payoff funds were applied. You will need to contact
the title company that handled the sale of the home to obtain the accounting documentation.

| | |
|---|---|
| Foreclosure fees & costs: | $2,618.95 |
| Late fees: | $3.38 |
| Copy fee: | $10.00 |
| Escrow deficiency: | $3,329.89 |
| Interest from July 1, 2022, through March 9, 2023: | $2,428.45 |
| Principal balance: | $56,065.00 |

Thank you for the opportunity to assist you with this matter. If you need additional assistance,
please contact our office at (877) 426-8362, Monday through Friday 8:30am to 5:00pm, ET. You
can also visit our website at www.triadfs.com.

Sincerely,

Correspondence Department
Triad Financial Services, Inc.

13901 Sutton Park Dr. South, Suite 300, Jacksonville, FL 32224 (877) 426-8362     triadfs.com

1

**"EXHIBIT K"**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY



March 26, 2024

ERIN ALINA WILLIAMS
29021 BOUQUET CANYON RD
SPC 248
SAUGUS, CA 91390

RE:    Loan number:         0000270605

Dear Erin Alina Williams,

This is in response to your recent inquiry regarding your request for the sale results.

We have enclosed an explanation of the sale results. A deficiency of $1,463.01 is owed. We apologize for the delay in providing this documentation to you.

Thank you for the opportunity to assist you with this matter. If you need additional assistance, please contact our office at (877) 426-8362, Monday through Friday 8:30am to 5:00pm, ET. You can also visit our website at www.triadfs.com.

Sincerely,

Correspondence Department
Triad Financial Services, Inc.

13901 Sutton Park Dr. South, Suite 300, Jacksonville, FL 32224 (877) 426-8362    triadfs.com