1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STEELE LLP
John C. Steele, State Bar No. 179875
Tanya C. McCullah, State Bar No. 279614
17272 Red Hill Avenue
Irvine, California 92614
Telephone: 949.222.1161
Fax: 949.221.9500
Email:  jsteele@steelellp.com; tmccullah@steelellp.com

Attorneys for Defendant
TRIAD FINANCIAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Erin Alina Williams,<br><br>Plaintiff,<br><br>v.<br><br>Triad Financial Services Inc. and Global Credit Union,<br><br>Defendants. | Case No.: 2:25- cv-08020-SRM-(PVCx)<br>Complaint Filed: August 22, 2025<br><br>**DEFENDANT TRIAD FINANCIAL SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[Rule 12(B)(6)]**<br><br>(Filed Concurrently with [Proposed] Order)<br><br>Hearing Date: April 1, 2026<br>Hearing Time: 1:30 p.m.<br>Judge: Honorable Serena R. Murillo<br>Ctrm: 5D |

**TO THE HONORABLE COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN**:

**PLEASE TAKE NOTICE** that on April 1, 2026, at 1:30 p.m., in Courtroom 5D of  the above-entitled Court located at 350 W 1st Street, 7th Floor, Los Angeles,

Steele LLP

California 90012, defendant Triad Financial Services, Inc.'s ("Defendant" or "Triad"), will move this Court for an order dismissing the Complaint ("Complaint") of plaintiff Erin Alina Williams ("Plaintiff") in its entirety, and as to each cause of action asserted therein, for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff has failed to plead the essential facts which give rise to her claims against Triad., the claims are barred on their face and/or as a result of matters that may be judicially noticed, and/or Plaintiff lack standing to assert her claims against Triad.

This motion is based upon this notice of motion and motion, the attached Memorandum of Points and Authorities, Triad's Request for Judicial Notice, the Complaint and all attachments thereto, the complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing on this motion.

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), defendant Triad hereby moves this Court for an order dismissing the following from the action for failure to state a claim upon which relief may be granted:

1.    As to the entire Complaint and all causes of action asserted therein, pursuant to FRCP 12(b)(6), for failure to state a claim against Triad upon which relief may be granted;

2.    As to Plaintiff's alleged FIRST[1] cause of action for "Fraudulent Inducement and Concealment" pursuant to FRCP 12(b)(6), for failure to state a claim against Triad upon which relief may be granted;

3.    As to Plaintiff's alleged SECOND cause of action for "Breach of Accord and Satisfaction" pursuant to FRCP 12(b)(6), for failure to state a claim against Triad upon which relief may be granted;

4.    As to Plaintiff's alleged THIRD cause of action for "Violation of U.C.C.

---

[1] Plaintiff's Complaint fails to identify which causes of action are alleged against which defendant.

Steele LLP

§ 9-210/Cal. Com. Code § 9210" pursuant to FRCP 12(b)(6), for failure to state a claim against Triad upon which relief may be granted; and

     5.    As to Plaintiff's alleged FOURTH cause of action for "Violation of FTC Holder Rule & Unfair Business Practices (Cal. Bus. & Prof. Code § 17200)" pursuant to FRCP 12(b)(6), for failure to state a claim against Triad upon which relief may be granted.

This motion is made following the conference of Plaintiff and Triad's counsel pursuant to Local Rule 7-3, which took place on January 23, 2026.

Date: January 27, 2026

**STEELE LLP**

_____
John C. Steele
Attorneys for Defendant
Triad Financial Services, Inc.

Steele LLP

## **TABLE OF CONTENTS**

I.      INTRODUCTION …………………………………...………………………………1

II.     LEGAL STANDARD………………………………………………………………..2

III.    STATEMENT OF FACTS……………………………………………………………3

IV.     PLAINTIFF'S ENTIRE COMPLAINT FAILS AS A MATTER OF LAW ………………..4

    A.  Plaintiff's Entire Complaint is Insufficiently Pled. ……………………………………4

    B.  Plaintiff's Loan Origination-Based Claims are Time-Barred……………………………5

V.      PLAINTIFF FAILED TO ALLEGE ANY VIABLE CAUSE OF ACTION ……...................5

    A.  Plaintiff's "Fraudulent Inducement and Concealment" Claim Fails. ……...................5

        1.  Plaintiff did not allege fraud with the required specificity…....................................5

        2.  Plaintiff failed to allege any fraud by Triad. ………………………………………6

    B.  PLAINTIFF'S "BREACH OF ACCORD & SATISFACTION" CLAIM FAILS HAS NO MERIT.…………………………………………………………………………....8

       1. Plaintiff's claim is impermissibly uncertain and misguided………………………..8

       2. Plaintiff failed to establish any duty or breach by Triad. …………………………..9

    C.  PLAINTIFF'S CLAIM FOR VIOLATION OF UCC AND CALIFORNIA COMMERCE CODE FAILS…………………………………………………………..10

    D.  PLAINTIFF'S CLAIM FOR VIOLATION OF "FTC HOLDER RULE" AND UNFAIR BUSINESS PRACTICES FAILS AS A MATTER OF LAW……………...11

VI.     CONCLUSION……….................................................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009)……………………………………………………………...2

*Bernardo v. Planned Parenthood Fed. of Am.*
    (2004) 115 Cal.App.4th 322)……………………………………………………………11

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696, 699 (9th Cir. 1988)……………………………………………………….2

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 570 (2007)……………………………………………………………….2

*Cahill v. Liberty Mut. Ins. Co.*,
    80 F.3d 336, 337-38 (9th Cir. 1996)……………………………………………………3

*Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.*,
    20 Cal.4th 163, 187 (1999)……………………………………………………………..11

*Conley v. Gibson*,
    355 U.S. 41, 45-45-46 (1957)…………………………………………………………..2

*Conroy v. Regents of University of California*,
    45 Cal.4th 1244, 1256 (2009)…………………………………………………………..6

*Cooper v. Pickett*,
    137 F.3d 616, 627 (9th Cir. 1997)……………………………………………………..6

*Craver v. National City Bank*, 2010 WL 618285, at *5 (E.D. Cal., Feb. 17, 2010)…………………6

*DeLeon v. Wells Fargo Bank., N.A.*, 2011 U.S. Dist. LEXIS 8296, at *19-21 (N.D. Cal. Jan. 28, 2011)…………………………………………………………………12

*Estate of Kampen*,
    201 Cal.App.4th 971, 991 (2011)……………………………………………………..9

*Gaffney v. Downey Savings & Loan Assn*.
    (1988) 200 Cal.App.3d 1154, 1165……………………………………………………..9

*///*

*In Re Glenfed, Inc. Sec Litig.,*

    42 F.3d 1541, 1547-1548 (9th Cir. 1994)…………………………………………………..6

*In re Marriage of Sabine and Toshio M.,*

    153 Cal.App.4th 1203, 1215 (2007)…………………………………………………...8

*In re Marriage of Thompson,*

    41 Cal.App.4th 1049, 1058 (1996)…………………………………………………..8,9

*Jet Source Charter, Inc. v. Gemini Air Grp., Inc.,* No. 07CV433 JLS (JMA) (2007), 2007 U.S. Dist. LEXIS 85308, at *4-6 (S.D. Cal. Nov. 19, 2007)……………………………………………3

*Kelly v. David D. Bohannon Organization,*

    119 Cal.App.2d 787, 792 (1953)…………………………………………………….8

*Khoury v. Maly's of California, Inc.,*

    14 Cal.App.4th 612, 619 (1993)…………………………………………………11,12

*King v. Atiyeh,*

    814 F.2d 565, 567 (9th Cir. 2022)………………………………………………….4

*Kunert v. Mission Fin. Serv. Corp.,*

    110 Cal. App. 4th 242 (2003)…………………………………………………...11

*Kwikset Corp. v. Superior Court,*

    51 Cal.4th 310, 322 (cal. 2011)…………………………………………………12

*Lazar v. Superior Court,*

    12 Cal.4th 631, 638 (1996)…………………………………………………….6

*Marksman Partners, L.P. v. Chantal Pharm. Corp.,*

    927 F.Supp.1297 (C.D. Cal, 1996)…………………………………………………6

*McQuillion v. Schwarzenegger,*

    369 F.3d 1091, 1099 (9th Cir. 2004)……………………………………………….3

*Moncada v. West Coast Quartz Corp.,*

    221 Cal.App.4th 768, 776 (2013)…………………………………………………….7

*Neizke v. Williams,*

    490 U.S. 319, 327 (1989)…………………………………………………………3

Table of Authorities

CA26-000007

*Nguyen v. Calhoun*,

    105 Cal.App.4th 428, 439 (2003)……………………………………………………………9

*Novak v. United States*,

    795 F.3d 1012, 1020 (9th Cir. 2015)……………………………………………………………3

*People v. McKale*,

    25 Cal.3d 626, 636 (1979)…………………………………...…………………………………11

*Puentes v. Wells Fargo Home Mortg., Inc.*,

    160 Cal.App.4th 638,. 643-644 (2008)…………………………………………………………12

*Rossberg v. Bank of America, N.A.*,

    219 Cal.App.4th 1481, 1500 (2013)…………………………………………………………...7

*Stechman v. Hart Brewing, Inc.*,

    143 F.3d 1293, 1298 (9th Cir. 1998)……………………………………………………………3

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,

    2 Cal. App. 4th 156, 158 (1991)………………………………………………………………6

*United States ex rel. Chunie v. Ringrose*,

    788 F.2d 638, 643 n. 2 (9th Cir. 1896)…………………………………………………………...3

*Zixiang Li v. Kerry*,

    710 F.3d 995, 998 (9th Cir. 2013)……………………………………………………………2


**<u>Statutes</u>**

16 C.F.R § 433……………………………………………………………………………...11

Cal. Bus. & Prof. Code § 17208…………………………………………………………5,11

Cal. Code Civ. Proc. § 337…………………………………………………………………5,11

Cal. Code Civ. Proc. § 338(d)…………………………………………………………………5

Cal. Code Civ. Proc. § 343…………………………………………………………………5,11

Federal Rule of Civil Procedure ("FRCP") 12(b)(6)…………………………………………1,2

FRPC, Rule 8(a)…………………………………………………………………………2,4

Rule 8(a)(2)……………………………………………………………………………………4

Table of Authorities

UCC section 9210……………………………………………………………..1,10

Uniform Commercial Code ("UCC") section 9-210……………………………………10

U.C.C. § 9-210(a)(2)………………………………………………………………..10

## MEMORANDUM OF POINTS AND AUTHORTIES

Defendant Triad Financial Services, Inc.'s ("Defendant" or "Triad") respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint ("Complaint") of plaintiff Erin Alina Williams ("Plaintiff") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), on the grounds that Plaintiff's Complaint fails to state any claim against Triad upon which relief may be granted.

## I.   INTRODUCTION

Plaintiff obtained a mobile home loan by executing a promissory note and security instrument. Thereafter, the loan went into default. Rather than curing the loan's default, Plaintiff set out instead to forestall the pending foreclosure sale through numerous acts of gamesmanship (*e.g.*, including unilateral "accord and satisfaction" language on her money order payments, submitting obscure and vague requests for accounting information, submitting meritless grievances related to her 2018 loan origination, etc.). However, to the extent Plaintiff's claims are based on the origination of her loan, they are barred by the applicable statute of limitations.

In addition, Plaintiff has failed to allege facts sufficient to constitute a cause of action against Triad. Specifically, Plaintiff's first cause of action for fraudulent inducement and concealment fails because Plaintiff did not allege any fraudulent misrepresentation or omission by Triad on which Plaintiff justifiably relied to her detriment, with the specificity required by law. Plaintiff's second cause of action for breach of accord and satisfaction fails because Plaintiff did not and cannot demonstrate the existence of an actual "accord and satisfaction," or any breach by Triad. Plaintiff's third claim for violation of UCC section 9210 fails because Plaintiff did not allege any facts demonstrating that Triad failed to respond to an actual "request for accounting" from Plaintiff or otherwise violated the statute. Finally, Plaintiff's fourth claim for unfair

Steele LLP

business practices fails because Plaintiff did not allege any wrongdoing or unfair business practices by Triad or that Plaintiff has standing to bring a claim for violation of the UCL. For these reasons, and for the reasons set forth below, Plaintiff's entire Complaint should be dismissed as to Triad, *with prejudice*.

## II.    LEGAL STANDARD

Pursuant to the provisions of Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff can prove no set of facts in support of their claim that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-45-46 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must disregard allegations that constitute legal conclusions, even where disguised as "facts." *Iqbal*, 556 U.S. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth.") Indeed, Rule 12(b)(6) allows for the dismissal of a claim either where the claim lacks a cognizable legal theory or where insufficient facts are alleged to support the plaintiff's theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a Rule 12(b)(6) motion, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Rule 12(b)(6) is read in conjuncture with Rule 8 of the Federal Rules of Civil Procedure. *See Zixiang Li v. Kerry*, 710 F.3d 995, 998 (9th Cir. 2013). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and is designed to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *See* FRPC, Rule 8(a); *see also*, *Twombly*, 550 U.S. at 555.

When resolving a Rule 12(b)(6) motion, a court shall construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as

true. *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337-38 (9th Cir. 1996). Although, the court is not required to give credit to "conclusory allegations of law and unwarranted inferences." *Jet Source Charter, Inc. v. Gemini Air Grp., Inc*., No. 07CV433 JLS (JMA) (2007), 2007 U.S. Dist. LEXIS 85308, at *4-6 (S.D. Cal. Nov. 19, 2007); *see also United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n. 2 (9th Cir. 1896) (Courts "need not assume the truth of legal conclusions cast in the form of factual allegations"). A frivolous claim based on meritless allegations or unsupported legal theories may be dismissed by the Court. See *Neizke v. Williams*, 490 U.S. 319, 327 (1989).

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Nevertheless, the 'general rule that parties are allowed to amend their pleadings…does not extend to cases in which any amendment would be an exercise in futility.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015), quoting *Stechman v. Hart Brewing, Inc*., 143 F.3d 1293, 1298 (9th Cir. 1998); *see also*, *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) (finding no error to deny amendment where any amendment would be futile).

## III.    STATEMENT OF FACTS

On or about June 27, 2018, Plaintiff obtained a loan (the "Subject Loan") in the approximate amount of $58,442.27 from defendant Triad, which was secured against the mobile home located at 29021 Bouquet Canyon Road, Space 248, Saugus, California 91390 ("Subject Property") by a security agreement ("Security Agreement") executed by Plaintiff on June 27, 2018. (Complaint, ¶ 8, Exhibits A-C).

More than four years later, on or about August 22, 2022, Plaintiff purportedly sent defendant Triad a "Notice of Dispute," listing numerous grievances with the Subject Loan's promissory note and Security Instrument and demanding proof that Plaintiff is liable for the Subject Loan. The Notice claimed that any failure to respond within thirty (30) days after receipt constituted "silent acquiescence and tacit agreement" that Plaintiff no longer held any debt with respect to the Subject Loan.

Steele LLP

1   (Complaint, ¶ 16, Exhibit E).

2         On September 14, 2022 and September 22, 2022, Plaintiff purportedly mailed

3   three separate money orders as payment for the Subject Loan with language stating, in

4   effect, that "acknowledgement and endorsement" of the money orders constituted "full

5   and final settlement of all sums owed" by Plaintiff on the Subject Loan. (Complaint, ¶

6   16, Exhibit F).

7         On or about November 3, 2022, a Notice of Default was mailed to Plaintiff.

8   (Complaint, ¶ 17, Exhibit D).

9         On or about December 16, 2022, Plaintiff purportedly mailed four additional

10  money orders as payment toward the Subject Loan with the same restrictive

11  endorsement language that had been included on her September 2022 money orders,

12  which were rejected and not cashed. (Complaint, ¶ 17, Exhibit G).

13        Thereafter, a foreclosure sale of the Subject Property took place, and the Subject

14  Loan was paid off on or about March 9, 2023. (Complaint, ¶ 17, Exhibit J).

## IV.   PLAINTIFF'S ENTIRE COMPLAINT FAILS AS A MATTER OF LAW

### A.   <u>Plaintiff's Entire Complaint is Insufficiently Pled.</u>

17        Rule 8(a) requires "a short and plain statement of the claim showing that the

18  pleader is entitled to relief," and is designed to "give the defendant fair notice of what

19  the…claim is and the grounds upon which it rests." (*See* FRPC, Rule 8(a); *see also*,

20  *Twombly*, 550 U.S. at 555. Here, it is impossible to determine which of the Complaint's

21  causes of action are alleged against Triad. As a result, it is impossible for Triad to

22  meaningfully respond to the Complaint's allegations and Plaintiff's Complaint fails to

23  meet the pleading requirements under Rule 8(a)(2).

24        Plaintiff is not absolved of her pleading responsibilities due to her status as a pro

25  se litigant. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 2022) ("Pro se litigants must

26  follow the same rules of procedure that govern other litigants" (overruled on other

27  grounds).

28



**B.**   **Plaintiff's Loan Origination-Based Claims are Time-Barred.**

This lawsuit is primarily based on purported wrongdoing, and/or Plaintiff's grievances, relating to the origination of the Subject Loan. (See Complaint, generally). However, these allegations are time-barred and subject to this Motion. Specifically:

Fraud-Based Allegations: To the extent that Plaintiff's claims are based on alleged fraud at the origination of the Subject Loan, Plaintiff's fraud-based claims are subject to a three-year statute of limitations. See Cal. Code Civ. Proc. § 338(d).

Contract-Based, UCL, Breach of Fiduciary Duty: To the extent that Plaintiff's remaining claims are based on a general wrongdoing at the time of loan origination, these claims are each subject to a four-year statute of limitations. *See* Cal. Code Civ. Proc. § 337 (applying a four-year statute of limitations onto any action "upon any contract, obligations, or liability founded upon an instrument in writing; *see also*, Cal. Bus. & Prof. Code § 17208 (applying to UCL violations); Cal. Code Civ. Proc. § 343 (applying to claims for breach of fiduciary duty).

Here, the Subject Loan originated on or about June 27, 2018. ((Complaint, ¶ 8, Exhibits A-C). Accordingly, to the extent Plaintiff's claims are based on alleged wrongdoing at the time of the origination of the Subject Loan, Plaintiff's claims expired on or before June 14, 2022, more than three years before Plaintiff filed the instant lawsuit on August 22, 2025. Therefore, each of Plaintiff's Loan origination-based claims are untimely.

**V.    PLAINTIFF FAILED TO ALLEGE ANY VIABLE CAUSE OF ACTION**

**A.    Plaintiff's "Fraudulent Inducement and Concealment" Claim Fails.**

**1.    *Plaintiff did not allege fraud with the required specificity.***

"Rule 9(b) required particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud…plaintiff must include statements regarding the time, place, and nature of the alleged fraudulent activities, and [] 'mere conclusory allegations of fraud are

Steele LLP

insufficient.'…the plaintiff must set forth what is false or misleading about a statement, and why it is false." *Craver v. National City Bank*, 2010 WL 618285, at *5 (E.D. Cal., Feb. 17, 2010) (citing *In Re Glenfed, Inc. Sec Litig.*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original), superseded by statute on other grounds as stated in *Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp.1297 (C.D. Cal, 1996); *see also*, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.")

As explained above, Plaintiff's Complaint fails to specify which defendant the claim is alleged against and it is entirely unclear which defendant is purportedly responsible for the alleged wrongdoing. Thus, Plaintiff's allegations fall far short of the specificity required when pleading a cause of action based in fraud. This is especially true where a defendant, such as Triad, is a corporation. Where fraud is alleged against a corporation, this "requires the Plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 156, 158 (1991). Here, Plaintiff seemingly contends that certain documents were fraudulently drafted and/or executed, although it is impossible to determine what fraudulent activity purportedly took place. (*See* Complaint, generally). Accordingly, Plaintiff's fraud-based claims must fail.

### 2.    *Plaintiff failed to allege any fraud by Triad*.

To state a cause of action for fraud, the plaintiff must allege "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal.4th 631, 638 (1996). "Actual reliance occurs when a misrepresentation is 'an immediate cause of 'a plaintiff's conduct, which alters his legal relations' and when, absent such representation, 'he would not in all reasonable probability, have entered into the contract or other transaction.'" *Conroy v.*

Steele LLP

*Regents of University of California*, 45 Cal.4th 1244, 1256 (2009). "A plaintiff asserting fraud by misrepresentation is obliged to…establish a complete causal relationship between the alleged misrepresentations and the harm claims to have resulted therefrom." *Rossberg v. Bank of America, N.A.*, 219 Cal.App.4th 1481, 1500 (2013) (citation omitted). "This requires a plaintiff to allege specific facts not only showing he or she actually and justifiably relied on the defendant's misrepresentations, but also how the actions he or she took in reliance on the defendant's misrepresentations caused the alleged damages." *Rossberg*, *supra*, 219 Cal.App.4th at 1500; *see also*, *Moncada v. West Coast Quartz Corp.*, 221 Cal.App.4th 768, 776 (2013) ("[w]hatever form it takes, the injury must not only be distinctly alleged but its causal connection with the reliance on the representations must be shown.").

Here, Plaintiff's fraud-based claims all fail because Plaintiff has not, and cannot, sufficiently allege any fraudulent misrepresentation or omission by Triad, much less a misrepresentation that Plaintiff justifiably relied upon to her detriment, with the specificity required by law. Instead, Plaintiff generally concludes that she justifiably relied on the defendants' alleged misrepresentations or omissions, as the "Defendant" was in a superior position of knowledge and control, which is insufficient. (Complaint, ¶ 24). Plaintiff is required to allege *specific facts* demonstrating that she relied on the alleged misrepresentations and/or omissions and that there is a causal connection between the alleged wrongdoing and her purported harm, which Plaintiff has utterly failed to do. *See Rossberg*, *supra*, 219 Cal.App.4th at 1500.

Moreover, there is no real dispute that payment was required to cure the Subject Loan's default in order to avoid foreclosure. Contrary to Plaintiff's contentions, nothing relieved Plaintiff of her obligation to repay the Subject Loan as agreed. The ultimate foreclosure sale was the result of Plaintiff's default on her Subject Loan payments, and **not** as the result of any fraud or misrepresentation by Triad. As Plaintiff has failed to allege any facts demonstrating that her reliance on an alleged misrepresentation or omission caused her any harm, each of her fraud-based claims are subject to this

**Steele** LLP

Motion.

## B. PLAINTIFF'S "BREACH OF ACCORD & SATISFACTION" CLAIM FAILS HAS NO MERIT.

### 1. *Plaintiff's claim is impermissibly uncertain and misguided.*

Plaintiff's second cause of action is based on Plaintiff's self-serving contention that the acknowledgement and endorsement of her September 2022 money orders constituted "full and final settlement of all sums owed" on the Subject Loan (*i.e.*, relieved Plaintiff of any further debt obligation by and through the doctrine of "accord and satisfaction"). (Complaint, ¶¶ 16, 30-34). However, not only is Plaintiff's conclusion nonsensical and unsupported by law, it is impossible to reasonably determine from the Complaint what issues must be addressed or the counts/claims that are being alleged against Triad. Thus, the Complaint is impermissibly uncertain and subject to this Motion on this ground alone. *Twombly*, 550 U.S. at 555.

In addition, Plaintiff failed to sufficiently allege any breach of an "accord and satisfaction" by Triad. "An accord and satisfaction is the substitution of a new agreement for and in satisfaction of a preexisting agreement between the same parties. The usual purpose is to settle a claim at a lesser amount." *In re Marriage of Thompson*, 41 Cal.App.4th 1049, 1058 (1996). "But an accord and satisfaction requires the existence of a bona fide dispute concerning the debt." *In re Marriage of Sabine and Toshio M*., 153 Cal.App.4th 1203, 1215 (2007). It must be predicated on a "real dispute" and not on a "mere refusal to pay an undisputed claim." *Kelly v. David D. Bohannon Organization*, 119 Cal.App.2d 787, 792 (1953). "Performance of a legal duty to a promisor which is neither doubtful nor the subject of honest dispute is **not** consideration…" *In re Marriage of Sabine and Toshio M*,, *supra*, 153 Cal.App.4th at 1215.

Here, Plaintiff did not and cannot allege the existence of a bona fide dispute, as there is no real dispute that the terms of the Subject Loan required that Plaintiff make installment payments due under the terms of the promissory note every month.

(Complaint, ¶9). There is nothing to suggest that Plaintiff, or any borrower, is entitled to unilaterally condition the acceptance of their legally required payments so that the mere acceptance of those payments would somehow satisfy the entire loan obligation. If such were the case, any borrower could extinguish their entire loan obligation with one payment. Plaintiff's failure to allege any actual bona fide dispute is fatal to her claim. *In re Marriage of Thompson*, supra, 41 Cal.App.4th at 1058.

**2.      Plaintiff failed to establish any duty or breach by Triad**.

Plaintiff's claim also fails because Plaintiff did not, and cannot, establish that Triad or any defendant had a duty to accept Plaintiff's tender of her legally obligated payment as an "accord and satisfaction" of the entire debt. The rules governing tenders are strictly applied. *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003). "The tenderer must do and offer everything that is necessary on his part to complete the transaction, and must fairly make known his purpose without ambiguity, and the act of tender must be such that it needs only acceptance by the one to whom it is made to complete the transaction." (*Id*., citing *Gaffney v. Downey Savings & Loan Assn*. (1988) 200 Cal.App.3d 1154, 1165). "In other words, with respect to tender, 'it is a debtor's responsibility to make an unambiguous tender of the entire amount due or else suffer the consequence that the tender is of no effect.'" (*Id*., citing *Gaffney*, *supra*, 200 Cal.App.3d at 1165). As Plaintiff did not allege any facts demonstrating that her September 2022 money orders constituted Plaintiff's genuine and effective tender of her entire debt obligations, her claim must fail.

Further, to the extent that Plaintiff claims Triad had any contractual obligation to accept Plaintiff's alleged "accord and satisfaction," such is not the case. **As Plaintiff admits, her purported "accord and satisfaction" was rejected**. (Complaint, ¶ 18). "It is elementary that a contract requires an offer and *acceptance*." *Estate of Kampen*, 201 Cal.App.4th 971, 991 (2011) (emphasis added). Thus, to the extent Plaintiff's claim is based on any alleged contractual duty or breach, her claim must fail.

For these reasons, Plaintiff's second cause of action fails against Triad.

Steele LLP

1  **C.    PLAINTIFF'S CLAIM FOR VIOLATION OF UCC AND**
2  **CALIFORNIA COMMERCE CODE FAILS.**

3       In her third claim, Plaintiff contends that she made a demand to defendants, on or
4  about January 8, 2023, for an accounting of the purported debt pursuant to Uniform
5  Commercial Code ("UCC") section 9-210, and that defendants failed to provide a
6  compliant response. (Complaint, ¶¶ 19, 36-41, Exhibit I). However, it is impossible for
7  Triad to reasonably determine from the Complaint what issues must be addressed or the
8  counts/claims that are being alleged. Thus, the Complaint is impermissibly uncertain and
9  subject to this Motion on this ground alone. *Twombly*, 550 U.S. at 555.

10      Plaintiff also failed to allege any facts demonstrating a violation of section 9-210,
11 or any part of the UCC by Triad. In California, UCC 9-210 relates to a debtor's right to
12 request an accounting of unpaid obligations and the secured party's obligation to
13 respond. A valid request for accounting under section 9210 must be signed by the debtor
14 and include specific details about the unpaid obligations secured by the collateral and
15 must also identify the transaction or relationship that is the subject of the request. *See*
16 U.C.C. § 9-210(a)(2). Here, Plaintiff failed to sufficiently allege any facts demonstrating
17 that she sent Triad a demand for accounting as required by section 9-210. Rather than
18 identifying a specific transaction or relationship, as required, the alleged "request" for
19 accounting attached to Plaintiff's Complaint merely regurgitates certain provisions of
20 section 9-210 with no actual request for identifiable information. As Plaintiff has failed
21 to allege any facts demonstrating that she sent Triad an actual "demand" for an
22 accounting, as defined by section 9210, her claim must fail.

23      Moreover, Plaintiff failed to allege any facts demonstrating that Triad failed to
24 provide a compliant response or that she suffered any damages as result of the alleged
25 violation. Plaintiff's subjective conclusion that the defendants did not provide her with a
26 "proper" accounting is unavailing, especially given the unclear and obscure "demand"
27 for information attached to Plaintiff's Complaint. (Complaint, Exhibit I). Further,
28 Plaintiff has failed to allege any facts demonstrating that she suffered any actual injury

**Steele** LLP

as a result of the alleged violation. As explained above, the foreclosure sale of the Subject Property was the result of Plaintiff's failure to repay the Subject Loan as agreed.

For these reasons, Plaintiff's third cause of action fails against Triad.

### D.    PLAINTIFF'S CLAIM FOR VIOLATION OF "FTC HOLDER RULE" AND UNFAIR BUSINESS PRACTICES FAILS AS A MATTER OF LAW

In her fourth cause of action, Plaintiff contends that her Subject Loan documents included only a "shortened" version of the Holder Rule notice, instead of the long-form notice, as purportedly required by 16 C.F.R § 433. (Complaint, ¶ 20). However, as explained above, to the extent that Plaintiff's claims are based on the Subject Loan origination, her claims are barred by the statute of limitations. *See* Cal. Code Civ. Proc. § 337 (applying a four-year statute of limitations onto any action "upon any contract, obligations, or liability founded upon an instrument in writing; *see also*, Cal. Bus. & Prof. Code § 17208 (applying to UCL violations); Cal. Code Civ. Proc. § 343 (applying to claims for breach of fiduciary duty).

In addition, Plaintiff failed to sufficiently allege any wrongdoing by Triad. The UCL bars instances of "unfair competition," which is defined as "any unlawful,[2] unfair[3] or fraudulent[4] business act or practice." Since the UCL is written in the disjunctive, it establishes three varieties (or "prongs") of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent. (*Bernardo v. Planned Parenthood Fed. of Am.* (2004) 115 Cal.App.4th 322). A plaintiff must identify the "prong" under which the

---

[2] To plead a UCL under the "unlawful" prong, acts or practices should always be alleged in terms of the specific law(s). *People v. McKale*, 25 Cal.3d 626, 636 (1979). "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal.App.4th 612, 619 (1993).

[3] In order to properly plead a cause of action under the "unfair" prong, a plaintiff must show that defendant's conduct "threatens an incipient violation of [a] law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens, or harms competition." *Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co*., 20 Cal.4th 163, 187 (1999).

[4] When a plaintiff relies upon the "fraudulent" prong to support a section 17200 cause of action, generally pleading the legal conclusion of "fraud" is insufficient; it is necessary to show that members of the public are likely to be deceived by specific conduct by the defendant. *Committee On Children's Television, supra*, 35 Cal.3d 197; *Kunert v. Mission Fin. Serv. Corp.*, 110 Cal. App. 4th 242 (2003).

---

**Steele** LLP

1  alleged acts or practices of a defendant amount to unfair competition because the

2  pleading requirements of each "prong" are separate and distinct.

3      A plaintiff alleging unfair business practices must state "with reasonable

4  particularity" the facts supporting the statutory elements of the violation. *Khoury v.*

5  *Maly's of Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993) (citations omitted). For the reasons

6  set forth elsewhere in this Motion, Plaintiff pleads no facts showing that Triad violated

7  any law, violated antitrust law, or engaged in an act or practice likely to deceive members

8  of the public. Indeed, Plaintiff's cause of action is predicated on the remaining causes of

9  action in the Complaint, all of which fail. "[S]ection 17200 'borrows' violations of other

10  laws and treats them as unlawful practices that the unfair competition law makes

11  independently actionable…." *Puentes v. Wells Fargo Home Mortg., Inc.*,160 Cal.App.4th

12  638,. 643-644 (2008). As a result, Plaintiff's cause of action for unfair business practices

13  cannot stand independently and is subject to this Motion.

14      Furthermore, Plaintiff also lacks standing to pursue a claim for violation of

15  section 17200. Section 17204 restricts standing to those plaintiffs who can establish an

16  economic injury and show that the economic injury was caused by the unfair business

17  practice of false advertising that is the gravamen of the claim. *Kwikset Corp. v.*

18  *Superior Court*, 51 Cal.4th 310, 322 (cal. 2011). Here, Plaintiff has failed to allege any

19  facts demonstrating that any alleged injury was caused by any prohibited business act

20  or practice, rather than by Plaintiff's default. *See DeLeon v. Wells Fargo Bank., N.A*.,

21  2011 U.S. Dist. LEXIS 8296, at *19-21 (N.D. Cal. Jan. 28, 2011) (holding that

22  plaintiffs lacked standing under the UCL where the facts alleged suggested plaintiffs

23  lost their home because they became unable to keep up with monthly payments and

24  lacked the financial resources to cure the default, rather than because of any alleged

25  misrepresentations). Thus, Plaintiff's claim should be dismissed with prejudice.

26  ///

27  ///

28  ///

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

## VI.    CONCLUSION

For all the foregoing reasons, Triad respectfully requests that the Court grant this Motion to Dismiss in its entirety, and that Plaintiff's Complaint be dismissed *with* prejudice as to Triad.

DATED: January 27, 2026

STEELE LLP

By: _____
John C. Steele
Attorneys for Defendant
Triad Financial Services, Inc.

# PROOF OF SERVICE

I, Brandon Quon, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to this action. My business address is 17272 Red Hill Avenue, Irvine, California 92614. On January 27, 2026, I served a copy of the following document(s):

**DEFENDANT TRIAD FINANCIAL SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

☐    By transmitting via electronic filing the document(s) listed above using my email address (bquon@steelellp.com) and the electronic filing service GreenFiling Service to the email address set forth below:

■    By depositing the document(s) listed above in a sealed envelope with prepaid postage with the United States Postal Service, Irvine, California, or by placing the envelope for collection and mailing following our ordinary business practices.

> Erin Alina Williams
> 37506 Penara Street
> Palmdale, CA 93552
> *Plaintiff in Pro Per*

I am readily familiar with this firm's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope, postage prepaid.

☐    By transmitting via my email address (bquon@steelellp.com) the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

///
///
///

---

PROOF OF SERVICE
1

Steele LLP

☐    By the Court's CM/ECF Electronic Case Filing System ("ECF") via Notice of Electronic Filing ("NEF"). I checked the CM/ECF docket for this case and determined the the following persons are on the Electronic Mail Notice List to receive NEF Transmission at the email addresses stated below:

I declare under penalty of perjury under the law of the State of California and the United States that the foregoing is true and correct.

Brandon Quon

Steele LLP