UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ERIN ALINA WILLIAMS,

               Plaintiff,

      v.

TRIAD FINANCIAL SERVICES, INC., et al.

               Defendants.

Case No. 2:25-cv-08020-SRM-PVC

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

On August 22, 2025, Plaintiff Erin Alina Williams ("Plaintiff Williams"), appearing *pro se* initiated this action against Defendants Triad Financial Services and Global Credit Union (collectively, "Defendants"). Dkt. 1. Plaintiff Williams alleges four claims against Defendants: (1) Fraudulent Inducement and Concealment, (2) Breach of Accord & Satisfaction, (3) Violation of UCC § 9-210, (4) Violation of FTC Holder Rule & Unfair Business Practices. *See id.* at 6–10. Plaintiff Williams alleges the Court has federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction. *See* Dkt. 1 at 1.

Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "The objection that a federal court lacks subject-matter jurisdiction ... may be raised by a party, or by a court on its own initiative, at any stage in the litigation[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500,

-1-

506 (2006). "It is to be presumed that a cause lies outside [of a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Conclusory allegations of the amount in controversy are insufficient to invoke diversity jurisdiction. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). Upon further review of the Complaint, the Court now examines whether it has subject matter jurisdiction over this action.

## I.    Federal Question Jurisdiction

First, Plaintiff Williams alleges the Court has federal question jurisdiction over the claims in this action. *See* Dkt. 1 at 1. Federal district courts have original jurisdiction over claims arising under the Constitution, laws, or treaties. *See* 28 U.S.C. § 1331. However, all four claims alleged by Plaintiff Williams are brought pursuant to California state law. *See* Dkt. 1 at 6–10. Without allegations of violations arising under the U.S. Constitution, federal law, or treaties, the Court cannot conclude that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.    Diversity Jurisdiction

Next, Plaintiff Williams alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction has two requirements: (1) complete diversity of citizenship between the adverse parties and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). A person is a citizen of the state where he is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Whereas a corporation 'shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . .'" *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (citing 28 U.S.C. § 1332(c)).

Plaintiff Williams alleges she resides in California. *See* Dkt. 1 at 2. She also claims that Defendant Triad Financial Services is headquartered in Florida but does not provide where it is incorporated. *See id.* Plaintiff Williams does not allege where Defendant Global

Credit Union is incorporated or headquarted, but merely states it is a "federally chartered corporation doing business in California." *See id.* Plaintiff Williams has not alleged sufficient facts regarding the Defendants' domicile for this Court to determine whether there is complete diversity.

Moreover, Plaintiff Williams does not assert sufficient information for this Court to determine whether the amount in controversy exceeds the $75,000 threshold. Plaintiff Willaims states that the principal balance of the mobile home loan was $58,442.27. Dkt. 1 at 3. The remaining amount is unclear. Without more, the Court cannot conclude that it has diversity jurisdiction over this action.

**III.    Conclusion**

The Court **ORDERS** Plaintiff Williams to **SHOW CAUSE**, in writing, as to why her complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiff Williams is **ORDERED** to file her written response **on or before April 26, 2026**. The hearing on April 1, 2026, for Defendant Triad Financial Services' Motion to Dismiss, Dkt. 25, is **CONTINUED to June 17, 2026 at 1:30 p.m**.

**IT IS SO ORDERED.**

Dated: March 30, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

-3-